UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

TAMARA GOLSTEN-GREEN,

                                   Plaintiff,     **STIPULATION AND**
                                                **PROTECTIVE ORDER**

           - against -

                                                       08 Civ. 4077 (RMB)(GWG)

CAPTAIN JOHN DENESOPOLIS and THE NEW YORK
CITY POLICE DEPARTMENT,

                                   Defendants.

----------------------------------------------------------------- x

            **WHEREAS**, plaintiff has sought certain documents from defendants in discovery in this action, documents which defendants deem confidential, and

            **WHEREAS**, defendants object to the production of those documents unless appropriate protection for their confidentiality is assured,

            **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants, as follows:

            1.     As used herein, "Confidential Materials" shall mean all documents and testimony relating to:

            a.     personnel or former personnel of the City of New York ("City") and/or the New York City Police Department ("NYPD") and other persons who are not plaintiffs in this action, including, but not limited to, personal information, including but not limited home address, telephone numbers, social security numbers; personnel files including the information contained therein including, but not limited to, information regarding salary, promotions, discipline and evaluations;

            b.     Equal Employment Opportunity related materials, but not limited to, complaints, race self-identification information, Equal Employment Opportunity Office files and the information contained therein;

  c. copies of any documents containing information about the discipline of any personnel or former personnel of the City and/or NYPD who are not plaintiffs in this action, including, but not limited to, copies of investigation files, disciplinary files, Department Advocate files;

  d. medical files, psychological or psychiatric files, counseling or treatment files, early intervention files;

  e. documents whose disclosure could adversely affect the safety or security of the City and/or NYPD law enforcement or emergency operations or personnel;

  f. proprietary information, trade secretes or other similar confidential information of the City and/or NYPD and other entities who are not plaintiffs in this action;

  g. taxpayer identification numbers and social security numbers;

  h. any information of a personal or intimate nature regarding any individuals who are not plaintiffs in this action;

  i. any documents that the Parties agree are subject to this stipulation;

  j. any documents that the Court directs to be produced subject to this stipulation; and,

  k. any deposition testimony which reveals the contents of materials produced subject to this order.

  2. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

  3. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

    a. Disclosure before trial may be made only to the plaintiff, to an expert who has been retained or specially employed by plaintiff's attorney in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

  b. Before any disclosure is made to a person listed in subparagraph (a) above (other than to the Court or Court officials involved in this action), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's counsel.

4. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

<b><u>CONFIDENTIAL</u></b>

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be

3

maintained separate and apart from the publicly available files of this case.

6. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived there from, shall be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys. *This provision does not apply to the Court. /RMB*

7. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated: New York, New York
April 6, 2008

Anthony C. Ofodile, Esq.
Attorney for Plaintiff
498 Atlantic Avenue
Brooklyn, New York 11217
(718) 852-8300

By: _____
Anthony C. Ofodile, Esq.

Michael A. Cardozo
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-108
New York, New York 10007
(212) 788-0879
bsitaras@law.nyc.gov

By: _____
Basil C. Sitaras
Assistant Corporation Counsel

SO ORDERED:

_____
U.S.D.J.
4/7/2009

4

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on _____, 200\_\_ in the action entitled, <u>Tamara Golsten-Green v. Capt. Denesopolis, et al.</u>, Civil Action No.: 08 Civ. 4077 (RMB)(GWG), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

DATED: _____, 200\_\_

_____
SIGNATURE

_____
Print Name

_____
Occupation

STATE OF _____, COUNTY OF _____ SS.:

On _____, 200\_\_ before me personally came _____, to me known, and known, and duly acknowledged to me that he/she executed this document.